

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CORNERSTONE CAPITAL STRATEGIES, LLC | ) |
| ADAMS INVESTMENTS, LLC | ) |
| Plaintiffs | ) Case No. 1:25-cv-00375-LM-TSM |
| V. | |
| WHITE MOUNTAIN ORGANIC GROWERS' ASSN | ) |
| CATHERINE E. BROWN | ) |
| Defendants | ) |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME

NOW COME the Defendants, Catherine E. Brown and White Mountain Organic Growers' Assn, LLC (administratively dissolved), and hereby file this Reply to Plaintiffs' Objection to Defendants' Motion for Enlargement of Time [Dkt. No. 12].

Plaintiffs' Objection paints a picture of Defendants engaging in "predictable" delay tactics and suggests the request for a 30-day enlargement of time is simply a continuation of a "scheme to delay and hinder the Mortgagees' foreclosure efforts." This inflammatory characterization misrepresents the factual and procedural grounds for the enlargement. Defendants' request is not

7

based on a desire for delay, but on good cause under Fed. R. Civ. P. 6(b) and a genuine, demonstrable need to comply with this Court's orders and respond to Plaintiffs' motion effectively.

**LEGAL STANDARD**

Under Fed. R. Civ. P. 6(b)(1)(A), this Court may "for good cause extend the time" for filing responses. "Good cause" exists where the movant demonstrates they acted with reasonable diligence but were unable to meet the deadline due to factors beyond their control. See Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001). This is Defendants' first request for an extension, a fact entitled to considerable weight. Courts routinely grant modest extensions to first-time movants who face obstacles beyond their control, particularly where the extension serves the interests of justice and will not materially prejudice the opposing party.

**1. The Motion is Based on Good Cause, Not Delay Tactics**

The enlargement is necessary for the following specific reasons, which directly address the need for a brief extension:

**Systemic Denial of ECF Access Violates Due Process:**

Despite registering immediately upon notification on October 3, 2025, Defendants remain locked out of the Court's ECF system—the primary means by which parties access filings, respond to motions, and participate in federal litigation.



*[PACER.gov login screenshot (October 27, 2025), neither search nor ECF filing available.]*

Defendants have contacted the PACER help desk twice (copying the case manager) with no response. This is not a technical inconvenience; it is a denial of meaningful access to the courts. Plaintiffs' own Objection inadvertently corroborates this systemic problem, attaching trial transcript excerpts (Ex. 1, pp. 79-81) documenting Defendants' persistent inability to access New Hampshire's TurboCourt system in state court. The problem has followed them to federal court. Without ECF access, Defendants cannot effectively review filings, research cited authorities, or prepare an adequate response to a complex jurisdictional motion.

**Late Service and Critical Evidence Relevant to Jurisdictional Questions:**

Plaintiffs' remand motion, dated October 1, 2025, was not received by mail until October 11, 2025. Defendants cannot receive mail at their waterfront-access residence and must make a 45-minute drive to town for mail pickup, which they do not do daily. Furthermore, Defendants have concurrently filed a Motion for Clerk's Subpoena Authorization for critical evidentiary

documents (a criminal complaint allegedly filed by Plaintiffs) that they did not definitively know existed or where to find until September 16, 2025. These documents are critical to properly object to the remand motion, as they go to the very core of equitable tolling of the removal period due to Plaintiffs' alleged fraud and fraudulent concealment. The proposed production date for the subpoena is October 31, 2025, demonstrating that the current deadline is materially impossible to meet if Defendants are to present a complete response addressing all jurisdictional arguments.

**Compliance with Court Order on Counsel:**

This Court ordered Defendants to hire counsel for the dissolved LLC by October 24, 2025. Defendants Catherine and Suzanne Brown are actively seeking pro bono or low-cost counsel from the non-profit Veterans Legal Justice (VLJNH) and the organization needs more time to locate a willing attorney. This is a good-faith effort to comply with a direct Court mandate, not an attempt to stall. VLJNH has been diligently working to assist Defendants but requires additional time to identify counsel willing to represent a dissolved entity in complex litigation.

## 2. Critical Evidence Directly Relevant to Removal Timeliness and Equitable Tolling

Defendants' concurrent Motion for Subpoena Authorization seeks a criminal complaint allegedly filed by Plaintiffs against Defendants on or about September 20, 2020—a document Defendants only definitively learned existed on September 16, 2025, after extensive investigation involving contact with the Coos County Sheriff's office and the New Hampshire State Police. This evidence is not tangential; it goes to the heart of whether the 30-day removal

period should be equitably tolled due to Plaintiffs' fraudulent concealment of federal claims and the existence of federal subject matter jurisdiction.

The proposed subpoena production date is October 31, 2025. It would be manifestly unjust to require Defendants to brief the remand motion (which challenges removal timeliness under 28 U.S.C. § 1446(b)) before obtaining evidence that may establish equitable tolling as an exception to the statutory deadline. Federal courts recognize that equitable tolling may apply where a defendant reasonably remains unaware of the grounds for removal due to the plaintiff's fraudulent concealment. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir. 2003). Defendants cannot adequately brief this equitable defense without the very evidence that would prove it. Federal courts routinely grant brief extensions to allow parties to obtain evidence relevant to pending jurisdictional questions.

### 3. Plaintiffs Cannot Have It Both Ways

Plaintiffs' Objection is internally contradictory. They argue Defendants are "capable of responding" because they have represented themselves for seven years, while simultaneously documenting—in their own attached exhibits—Defendants' repeated, systemic failures to access court filing systems and obtain necessary documents. See Obj., Ex. 1 (Trial Tr. at 79-81) (documenting Defendants' inability to access TurboCourt, error messages, lack of document access, and need to learn about the existence of courthouse kiosks for the first time at trial).

Which is it? Either Defendants are sophisticated litigants who can navigate complex federal removal jurisdiction arguments without counsel or ECF access, or they are struggling pro se parties who have been systematically denied the tools necessary for effective representation.

Plaintiffs' exhibits prove the latter. The trial court itself acknowledged having "a degree of sympathy" for the technical access issues while noting Defendants "are very intelligent people" and "articulate." Id. at 81. Intelligence and articulateness do not override systemic barriers to court access. A law degree is not required to be intelligent; ECF access is required to effectively participate in federal litigation.

The history of struggle with court systems undercuts, rather than supports, Plaintiffs' position. The very administrative difficulties cited by Plaintiffs (difficulty with e-filing access, slow mail, need for documents) closely resemble the good cause grounds upon which this current, limited enlargement is sought. If anything, the documented pattern of technical barriers strengthens the case for a brief extension to ensure Defendants can meaningfully participate in this forum.

Plaintiffs' argument that Defendants are "capable of responding to the Motion for Remand without counsel" because they have been "representing themselves for seven (7) years" is a specious non sequitur. Defendants are actively seeking counsel for the LLC to comply with a direct Court order. The argument assumes a right to adequate, effective self-representation which, as evidenced by the state court transcript excerpts provided by Plaintiffs themselves, was a constant struggle due to systemic and technical obstacles. Those same obstacles persist in federal court. Past inability to adequately represent themselves due to technical and document access issues should warrant granting a temporary enlargement, not denying it, particularly where key, newly discoverable evidence is yet to be produced.

**4. A 30-Day Extension Does Not Prejudice Plaintiffs After Nearly a Decade of Litigation**

Plaintiffs claim irreparable harm from a 30-day extension, but this argument borders on the absurd given the procedural posture. Plaintiffs have sought foreclosure since 2018—more than seven years. The remand motion raises threshold jurisdictional questions that deserve full briefing, particularly where Defendants' concurrent subpoena motion seeks evidence directly relevant to equitable tolling of the removal period and federal subject matter jurisdiction.

Plaintiffs cannot credibly argue that 30 additional days to brief complex federal jurisdiction questions constitutes prejudice after more than 2,555 days of litigation (seven years and counting). Plaintiffs' hyperbolic claim of "further damage" from one additional month rings hollow when they have been involved in this matter since 2015 and pursuing foreclosure since 2018.

The balance of equities strongly favors the extension. Granting it ensures Defendants can present complete briefing on jurisdictional issues, comply with this Court's order to obtain counsel for the LLC, and access the evidence necessary to support their equitable tolling argument. Denying it deprives Defendants of meaningful access to federal court on threshold jurisdictional questions that will determine the entire trajectory of this case.

### 5. Federal Courts Routinely Grant Modest Extensions Under These Circumstances

Courts in this Circuit and elsewhere regularly grant brief extensions where, as here, (1) the movant faces technical barriers to court access, (2) critical evidence is forthcoming, and (3) compliance with court orders (here, obtaining LLC counsel) requires additional time. See, e.g., Moll v. Telesector Res. Grp., Inc., 760 F.3d 198, 203 (2d Cir. 2014) (good cause exists for

extension where party diligently pursued compliance but faced obstacles beyond their control); Silivanch v. Celebrity Cruises, Inc., 171 F. Supp. 2d 241, 246 (S.D.N.Y. 2001) (granting extension where party demonstrated reasonable diligence and extension would not prejudice opponent).

This is particularly true for first-time extension requests. The fact that this is Defendants' first request for additional time in federal court weighs heavily in favor of granting the modest 30-day extension sought. Plaintiffs cite no case—and Defendants are aware of none—denying a first, modest extension request under comparable circumstances where the movant demonstrates: (1) inability to access the court's electronic filing system despite diligent efforts; (2) pending production of evidence directly relevant to the motion requiring a response; (3) compliance with court-ordered obligations (obtaining counsel); and (4) lack of material prejudice to the opposing party.

**CONCLUSION**

Defendants seek a 30-day extension—their first—to (1) gain the court access they were promised but denied, (2) obtain counsel for the dissolved LLC as this Court ordered, (3) secure evidence directly relevant to the pending remand motion, and (4) meaningfully respond to jurisdictional arguments that will determine whether this case proceeds in federal or state court. These are textbook grounds for "good cause" under Rule 6(b)(1).

After seven years of litigation, Plaintiffs will not be prejudiced by 30 additional days. The interests of justice, however, will be severely prejudiced if Defendants are forced to brief complex federal jurisdiction questions without court access, without the counsel this Court

ordered them to obtain, and without evidence that may establish their right to federal forum and equitable tolling of the removal deadline. The requested extension until November 15, 2025, is modest, reasonable, and warranted by good cause.

WHEREFORE, Defendants respectfully request that this Honorable Court:

A. GRANT Defendants' Motion for Enlargement of Time [Dkt. No. 12] and extend the deadline to object to Plaintiffs' Motion to Remand until November 15, 2025; and

B. Grant such other and further relief as the Court deems just and proper.

Dated: October 28, 2025

Respectfully Submitted,
/s/ Catherine Brown
Catherine Brown, Individually and on behalf of
White Mountain Organic Growers' Assn, LLC
114 Lake Umbagog
P.O. Box 253
Errol, NH 03579
(603) 828-4860
greatnorthwoodsfarm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served on Plaintiffs' counsel via First Class United States Postal Mail to:

Carolyn K. Cole, Esq.
ColeMyers, PLLC
18 Bank Street
Lebanon, NH 03766

October 28, 2025
/s/ Catherine Brown
Catherine Brown