FILED - USDC -NH
2025 NOV 17 AM 11:02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CORNERSTONE CAPITAL STRATEGIES, LLC** | ) |
| **ADAMS INVESTMENTS, LLC** | ) |
| **Plaintiffs** | |
| | ) Case No. 1:25-cv-00375-LM-TSM |
| V. | |
| **WHITE MOUNTAIN ORGANIC GROWERS' ASSN** | ) |
| **CATHERINE E. BROWN** | ) |
| **Defendants** | ) |

### MOTION TO STAY RULING ON PLAINTIFFS' MOTION TO REMAND

Defendants Catherine E. Brown and White Mountain Organic Growers' Association, LLC (motion to remove as defendant pending), proceeding *pro se*, respectfully move this Court to stay any ruling on the "Plaintiffs' Motion for Remand or, in the Alternative, Motion to Dismiss" (Doc. 9).

This stay is necessary to permit Defendants to obtain case-dispositive evidence that is essential to substantiating this Court's subject-matter jurisdiction and fairly responding to the

1

Plaintiffs' motion. A ruling on remand before this evidence is obtained would be premature and severely prejudicial.

The grounds for this motion are as follows:

**1. Plaintiffs' Motion to Remand Relies on an Incomplete Record**

Plaintiffs' motion (Doc. 9) argues chiefly that this action must be remanded because:

- **It is untimely,** with Plaintiffs alleging the 30-day removal clock expired over four years ago in 2021.
- The **Rooker-Feldman doctrine** bars this Court from hearing what Plaintiffs characterize as a mere appeal from "state-court losers".
- The state court action is **fully and finally ended** following the New Hampshire Supreme Court's affirmance.

Defendants' entire basis for removal and their opposition to all of these points rests on critical evidence *that is not yet in the record*.

**2. The Subpoenaed Evidence is the Key to Jurisdiction**

Defendants' removal is based on a serious Federal Question arising from Plaintiffs' alleged "criminal actions (conspiracy obstruction, false reports to law enforcement, and witness intimidation)". The specific evidence of this is a "long-suppressed false criminal complaint" filed by Plaintiffs with the New Hampshire State Police on or about September 20, 2020, during federal bankruptcy proceedings.

2

This single piece of evidence, which Defendants seek to obtain via subpoena, directly defeats Plaintiffs' arguments:

- **Countering Timeliness:** Plaintiffs argue the clock ran from the 2021 state complaint. Defendants contend the 30-day clock *actually* began on September 16, 2025, the date Defendants first confirmed the existence and location of this suppressed criminal complaint. This complaint constitutes the "other paper" under 28 U.S.C. § 1446(b)(3) from which the federal question could "first be ascertained". Furthermore, Plaintiffs' "fraudulent concealment" of this document provides grounds for equitably tolling any time limit.

- **Countering Rooker-Feldman:** Plaintiffs argue this is a simple *appeal* of their state court victory. Defendants argue it is not. This action is an independent claim that the state court judgment is void, as it was procured by extrinsic fraud and federal crimes. The *Rooker-Feldman* doctrine does not bar a federal court from hearing an independent claim that a state judgment was obtained by fraud. The suppressed complaint is the foundational proof of that fraud.

## 3. The Court's Procedural Posture

On November 12, 2025, this Court denied Defendants' Motion for Subpoena Authorization (Doc. 12). As detailed in Defendants' concurrently filed motions, that denial was based on a manifest error of fact:

1. Defendants, proceeding *pro se*, made a clerical error in their Notice of Removal (Doc. 1), incorrectly citing diversity jurisdiction.

3

2. The Court's denial of the subpoena was correctly based on that diversity standard, finding the evidence irrelevant to "diversity of citizenship or the amount in controversy."

3. Defendants have filed a Motion to Correct the Notice of Removal to reflect the true basis: Federal Question jurisdiction.

4. Defendants have also filed a Motion for Reconsideration of the subpoena denial, asking the Court to re-evaluate the subpoena's relevance under the *correct* Federal Question standard.

Ruling on the Motion to Remand now would be to rule on an incomplete record, based on a clerical error, and without affording Defendants the ability to obtain the very evidence needed to prove this Court's jurisdiction.

## Conclusion

WHEREFORE, Defendants respectfully request that this Honorable Court:

1. **GRANT** this Motion to Stay; and

2. **STAY** any ruling on Plaintiffs' Motion for Remand (Doc. 9) pending the Court's decisions on Defendants' Motion to Amend/Correct Notice of Removal and Motion for Reconsideration of the subpoena denial.

3. Should the Motion for Reconsideration be granted, Defendants request the stay remain in effect until a reasonable time after the January 2, 2026, production deadline for the corrected subpoena, to allow Defendants to receive and present the evidence in their formal opposition to the Motion to Remand.

Dated: November 15, 2025

Respectfully Submitted,

/s/ Catherine Brown

Catherine Brown, Individually and on Behalf of
White Mountain Organic Growers' Assn, LLC
114 Lake Umbagog
P.O. Box 253
Errol, NH 03579
(603) 828-4860
greatnorthwoodsfarm@gmail.com

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served on Plaintiffs' counsel via First Class United States Postal Mail to:

Carolyn K. Cole, Esq., ColeMyers, PLLC, 18 Bank Street, Lebanon, NH 03766

November 15, 2025

/s/ Catherine Brown

Catherine Brown

5