FILED - USDC -NH
2025 NOV 17 AM 11:02

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CORNERSTONE CAPITAL STRATEGIES, LLC** | ) |
| **ADAMS INVESTMENTS, LLC** | ) |
| Plaintiffs | |
| | ) Case No. 1:25-cv-00375-LM-TSM |
| V. | |
| **WHITE MOUNTAIN ORGANIC GROWERS' ASSN** | ) |
| **CATHERINE E. BROWN** | ) |
| Defendants | ) |

## DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR REMAND

Defendants Catherine E. Brown and White Mountain Organic Growers' Association, LLC (motion to remove as defendant pending), proceeding *pro se*, respectfully submit this Objection to the "Plaintiffs' Motion for Remand or, in the Alternative, Motion to Dismiss" (Doc. 9). Plaintiffs' motion is an attempt to escape federal jurisdiction by relying on a procedural history that they themselves corrupted. The motion must be denied.

This Court possesses clear Federal Question jurisdiction arising from Plaintiffs' federal crimes. The removal was timely under 28 U.S.C. § 1446(b)(3) because it was based on recently

1

discovered evidence of Plaintiffs' fraud. The *Rooker-Feldman* doctrine is wholly inapplicable to a judgment procured by such extrinsic fraud.

---

**PRELIMINARY STATEMENT**

Plaintiffs' motion is premised on a procedural history that they have intentionally and fraudulently concealed from the state courts and this Court. Their arguments for remand are invalid for three reasons:

1. **Jurisdictional Basis:** Plaintiffs mistakenly focus on diversity jurisdiction. As stated in the body of the Notice of Removal (Doc. 1, 5, 6) and the Civil Cover Sheet, removal is based on a Federal Question under 28 U.S.C. § 1331. This federal question is not speculative; it arises from Plaintiffs' commission of federal crimes, including obstruction of justice (18 U.S.C. Chapter 73) and conspiracy, by filing a fraudulent criminal complaint to intimidate a party and obstruct federal bankruptcy proceedings (21-bk-10610, 20-bk-10775, 19-bk-10296). A Motion to Amend/Correct Notice of Removal is pending to clarify this *pro se* clerical error.

2. **Timeliness:** Plaintiffs' timeliness argument fails. The 30-day clock under 28 U.S.C. § 1446(b)(3) began on September 16, 2025, the date Defendants first "ascertained" the existence of the "other paper"—the "long-suppressed false criminal complaint". The Notice of Removal was filed 13 days later. The one-year bar cited by Plaintiffs, 28 U.S.C. § 1446(c)(1), is legally irrelevant as it *only* applies to removals based on diversity.

3. **Rooker-Feldman:** Plaintiffs' *Rooker-Feldman* argument is a misapplication of the doctrine. This is not an *appeal* of a state court judgment. It is an independent action asserting the state judgment is void *ab initio* because it was procured by extrinsic fraud. The doctrine does not shield a judgment obtained by federal crimes.

---

## ARGUMENT

### I. Plaintiffs and Their Counsel Have a Duty of Candor That Was Violated

The foundation of this case is a "long-suppressed false criminal complaint" that Plaintiffs filed with the New Hampshire State Police on or about September 20, 2020. This act, a violation of NH RSA 641:4 (False Reports to Law Enforcement), was allegedly done to "illegally affect federal cases", specifically New Hampshire Bankruptcy Court cases 19-10296-BAH; 19-ap-1048, 19-01048-BAH; 21-10610-BAH; and 22-01006-BAH.

This act of extrinsic fraud was then concealed from every court that subsequently heard this matter. This concealment is a direct violation of Plaintiffs' counsel's legal and ethical obligations.

- **Duty to Disclose:** Under New Hampshire Rule of Professional Conduct 3.3(a)(1) and (b), Plaintiffs' counsel had an affirmative duty to not make a false statement of fact and, more importantly, to "take reasonable remedial measures, including, if necessary, disclosure to the tribunal" upon knowing that their client "has engaged in criminal or fraudulent conduct related to the proceeding."

3

- **Lawyer's Oath:** This duty is memorialized in the New Hampshire Lawyer's Oath, RSA 311:6, which requires an attorney to "do no falsehood, nor consent that any be done in the court," and to "give knowledge thereof to the justices of the court... that it may be reformed."

Plaintiffs and their counsel have actively consented to a falsehood being done in the Coos County Superior Court and the NH Supreme Court by suppressing the "other paper" that forms the basis of this federal action. Their continued silence, even in this Court, is a continuing violation of this duty.

## II. Removal Was Timely Under 28 U.S.C. § 1446(b)(3)

Plaintiffs' argument that removal is untimely is based on the 2021 state complaint. This is legally incorrect.

The 30-day clock begins when the defendant receives an "other paper from which it may first be ascertained that the case is... removable".

1. **The "Other Paper":** The "other paper" is the fraudulent criminal complaint. This document is the evidence of Plaintiffs' federal crimes (e.g., Obstruction of Justice, 18 U.S.C. Chapter 73) that "lie at the heart of the Federal Question".
2. **Date of Ascertainment:** Due to Plaintiffs' "fraudulent concealment/suppression", Defendants could not ascertain this claim. On September 16, 2025, Defendants were "informed definitively" by the Coos County Sheriff's office of the complaint's existence and its location with the State Police. This is the "triggering event".

4

3. **Filing Date:** The Notice of Removal was filed on September 29, 2025, 13 days after ascertainment, well within the 30-day window.

Plaintiffs' reliance on the one-year bar for diversity cases is a red herring. This is a Federal Question case, and that bar does not apply.

### III. The Rooker-Feldman Doctrine Does Not Protect Judgments Procured by Extrinsic Fraud

Plaintiffs' final argument, that the *Rooker-Feldman* doctrine bars this action, is their most flawed. This doctrine, which prevents federal district courts from acting as appellate courts for state judgments, has a well-established exception for extrinsic fraud.

- This is not an appeal. Defendants are not asking this Court to re-litigate the terms of the mortgage.
- This is an independent action. Defendants assert the state judgment is void because it was procured by a "scheme to delay and hinder"—not by Defendants, but by *Plaintiffs*.

Plaintiffs' act of filing a secret, false criminal complaint to intimidate Defendants and suppress evidence is the very definition of extrinsic fraud. It is "fraud that was not before the court in the first instance," and it prevented Defendants from having a full and fair hearing. The *Rooker-Feldman* doctrine does not mandate that a federal court give "full faith and credit" to a state judgment obtained by federal criminal conduct.

---

## CONCLUSION

Plaintiffs' motion is an attempt to use their own fraud as a shield. They concealed a criminal act from the state courts to win a judgment, and now they seek to use that void judgment to block federal jurisdiction into the fraud itself.

**WHEREFORE**, Defendants Catherine and White Mountain Organic Growers' Association, LLC respectfully request that this Honorable Court:

1. **DENY** Plaintiffs' Motion for Remand (Doc. 9) in its entirety;
2. **GRANT** Defendants' pending Motion for Leave to Amend/Correct Notice of Removal;
3. **GRANT** Defendants' pending Motion for Reconsideration and authorize the Clerk to issue the subpoena (Doc. 12); and
4. **DENY** Plaintiffs' request for attorney's fees and costs, which are sought in bad faith.

Dated: November 15, 2025

Respectfully Submitted,

/s/ Catherine Brown
Catherine Brown, Individually and on Behalf of
White Mountain Organic Growers' Assn, LLC
114 Lake Umbagog
P.O. Box 253
Errol, NH 03579
(603) 828-4860
greatnorthwoodsfarm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served on Plaintiffs' counsel via First Class United States Postal Mail to:

Carolyn K. Cole, Esq., ColeMyers, PLLC, 18 Bank Street, Lebanon, NH 03766

November 15, 2025

/s/ Catherine Brown
Catherine Brown