UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CORNERSTONE CAPITAL STRATEGIES, LLC | ) |
| ADAMS INVESTMENTS, LLC | ) |
| Plaintiffs | |
| | ) Case No. 1:25-cv-00375-LM-TSM |
| V. | |
| WHITE MOUNTAIN ORGANIC GROWERS' ASSN | ) |
| CATHERINE E. BROWN | ) |
| Defendants | ) |

## DEFENDANTS' SUPPLEMENTAL BRIEF REGARDING PLAINTIFFS' NOVEMBER 20, 2025 CONTRADICTORY POSITIONS ON REMOVABILITY

NOW COME Defendants Catherine E. Brown and White Mountain Organic Growers' Association, LLC (motion to remove as defendant pending), proceeding pro se, and respectfully submit this Supplemental Brief to address Plaintiffs' November 20, 2025 "Clarification on Removability Scrivener's Error" (Doc. 26), which creates an irreconcilable contradiction with Plaintiffs' Motion for Remand.

1

# I. PLAINTIFFS' CONTRADICTORY POSITIONS

**A. Position One:** The Case Was Removable in 2021

In their November 20, 2025 "Clarification," Plaintiffs state:

> "The word 'not,' however, was a Scrivener's error. There is no dispute that the case as stated by the initial complaint in this suit, standing on its own, was removable under 28 U.S.C. 1446(b)."

(Doc. 26 at 2).

Plaintiffs further assert:

> "The Complaint established diversity jurisdiction. The Plaintiffs and Defendants were citizens of different states (Rhode Island and New Hampshire), and the amount in controversy, exceeding $411,513.61, met the 'amount in controversy' threshold."

(Doc. 26 at 3).

Plaintiffs conclude:

> "The Defendants could have ascertained that the case was removable in June 2021. In addition to the arguments raised on the Rooker-Feldman doctrine, the Defendants did not remove the action within 30 days and are therefore barred from doing so now."

(Doc. 26 at 4)

**B. Position Two:** The Forum Defendant Rule Bars Removal

Yet Plaintiffs' entire Motion for Remand is predicated on the argument that Defendants cannot remove based on diversity jurisdiction because they are forum defendants.

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), provides:

> "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Undisputed Facts:

- All Defendants are New Hampshire citizens/entities
- The action was filed in New Hampshire Superior Court
- Plaintiffs are Rhode Island LLCs
- Complete diversity exists
- Amount in controversy exceeds $75,000

Under these facts, if removal in 2021 was based "solely on the basis of" diversity jurisdiction (as Plaintiffs now assert), then removal was BARRED by § 1441(b)(2).

**C. The Irreconcilable Contradiction**

Plaintiffs cannot maintain both positions simultaneously:

If the forum defendant rule applies (as their remand motion argues), then the case was NOT removable in 2021 based on diversity jurisdiction.

If the case was removable in 2021 (as their November 20 clarification asserts), then the forum defendant rule does not apply.

These positions are mutually exclusive. Both cannot be true.

## II. THE FORUM DEFENDANT RULE WOULD HAVE BARRED 2021 REMOVAL BASED ON DIVERSITY

Plaintiffs' November 20 assertion that "the case was removable in June 2021" is incorrect as a matter of law if removal would have been based solely on diversity jurisdiction.

### A. The Statutory Framework

28 U.S.C. § 1441(b) contains two subsections addressing removal:

§ 1441(b)(1) - Federal Question Jurisdiction:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

§ 1441(b)(2) - Diversity Jurisdiction (Forum Defendant Rule):

"Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The plain language of § 1441(b)(2) creates an exception to removability for diversity cases where any defendant is a citizen of the forum state. This is known as the "forum defendant rule."

### B. Application to This Case in 2021

If Defendants had attempted to remove in 2021:

1. No federal question appeared in the 2021 Complaint (Plaintiffs' Ex. 1 to Nov. 20 filing). The Complaint alleged only state-law claims: breach of contract, unjust enrichment, and fraudulent transfer under RSA 545-A.
2. Therefore, removal would have been based "solely on the basis of" diversity jurisdiction under § 1332(a).
3. All Defendants are New Hampshire citizens/entities sued in New Hampshire Superior Court.
4. Conclusion: Removal was BARRED by § 1441(b)(2).

Plaintiffs' assertion that "the case was removable in June 2021" is legally incorrect unless federal question jurisdiction existed at that time—which Plaintiffs do not and cannot claim.

### III. THE LEGAL IMPLICATIONS OF PLAINTIFFS' CONTRADICTION

5

## A. Plaintiffs' "Clarification" Was Not a Scrivener's Error

Plaintiffs characterize their statement that the case "was not removable" as a "scrivener's error"—a mere typographical mistake. But the original statement in their November 19 Objection was legally correct under the forum defendant rule.

The statement "there is no dispute that the case stated by the initial complaint in this suit, standing on its own, was not removable" accurately reflects that:

- The 2021 Complaint alleged only state-law claims
- Diversity jurisdiction would have been the only basis for removal
- The forum defendant rule barred removal on that basis
- Therefore, the case was not removable in 2021

This was not a typographical error—it was a correct statement of law.

The Court apparently questioned this statement (hence the November 20 "clarification"), but Plaintiffs' original position was sound. Their "correction" creates the contradiction.

## B. Plaintiffs Are Attempting to Have It Both Ways

Plaintiffs' strategy appears to be:

1. Argue the case was removable in 2021 to establish that Defendants "could have ascertained" removability and therefore removal in 2025 is untimely.
2. Simultaneously argue the forum defendant rule bars removal to obtain remand.

This is logically impossible. The forum defendant rule either applied in 2021 (making the case not removable on diversity grounds) or it did not apply (making the case removable). Plaintiffs cannot selectively invoke or ignore the forum defendant rule depending on which argument they are making.

## C. This Contradiction Undermines Plaintiffs' Entire Remand Argument

If Plaintiffs are correct that "the case was removable in June 2021," then one of the following must be true:

**Option 1:** The forum defendant rule did not bar removal in 2021. If so, it does not bar removal now, and Plaintiffs' remand motion based on the forum defendant rule fails.

**Option 2:** Some basis for removal other than diversity jurisdiction existed in 2021 (such as federal question jurisdiction). If so, Defendants' current assertion of federal question jurisdiction is correct, and the forum defendant rule does not apply under § 1441(b)(1).

**Option 3:** Plaintiffs' November 20 "clarification" is wrong, and the case was not removable in 2021 because the forum defendant rule applied. If so, Plaintiffs' argument that Defendants "could have ascertained removability in June 2021" fails.

Under any scenario, Plaintiffs' remand motion is fatally flawed.

## IV. THIS SUPPORTS DEFENDANTS' FEDERAL QUESTION JURISDICTION ARGUMENT

Plaintiffs' confusion about removability demonstrates precisely why Defendants' correction of the jurisdictional basis is critical.

## A. Defendants' Position Is Coherent

Defendants maintain:

1. The 2021 Complaint did not reveal federal question jurisdiction because it alleged only state-law claims and did not mention Plaintiffs' filing of a false criminal complaint in September 2020.
2. Therefore, removal in 2021 would have been barred by the forum defendant rule under § 1441(b)(2), because it would have been based solely on diversity.
3. Federal question jurisdiction became ascertainable on September 16, 2025 when Defendants learned definitively of the criminal complaint's existence, location, and connection to federal bankruptcy proceedings.
4. Removal on federal question jurisdiction is not subject to the forum defendant rule because § 1441(b)(1) permits such removal "without regard to the citizenship or residence of the parties."

5. Therefore, removal in 2025 is timely and proper under federal question jurisdiction.

This position is internally consistent and legally sound.

## B. Plaintiffs' Position Is Incoherent

By contrast, Plaintiffs argue:

1. The case was removable in 2021 (Nov. 20 clarification)

2. But also the forum defendant rule bars removal (remand motion)

3. And removal is untimely because Defendants didn't remove in 2021 (objection to stay)

4. But also federal question jurisdiction doesn't exist (objection to stay)

These positions cannot be reconciled.

### C. The November 20 Clarification Inadvertently Supports Defendants

When Plaintiffs assert "the case was removable," they inadvertently concede Defendants' position—but only if removal is based on federal question jurisdiction rather than diversity.

If Plaintiffs now claim the case was removable despite all Defendants being forum defendants, they must be claiming that some basis for removal exists that is not subject to the forum defendant rule. That basis is federal question jurisdiction under § 1441(b)(1)—exactly what Defendants assert.

Plaintiffs cannot claim the case was removable while simultaneously denying the existence of federal question jurisdiction. The math doesn't work.

### V. THE STAY IS NECESSARY TO RESOLVE THIS CONFUSION

Plaintiffs' contradictory positions on removability demonstrate why Defendants' Motion to Stay (Doc. 19) must be granted.

The Court cannot rule on Plaintiffs' Motion for Remand when:

1. Plaintiffs maintain irreconcilable positions on whether the case was removable in 2021
2. The parties dispute the jurisdictional basis for removal (diversity vs. federal question)
3. Defendants have pending motions to correct the jurisdictional basis (Doc. 22) and to obtain evidence of federal question jurisdiction (Doc. 20)
4. The legal analysis changes completely depending on which jurisdictional basis applies

A stay allows the Court to resolve these issues in logical order:

**Step 1:** Decide whether to permit Defendants' amendment to assert federal question jurisdiction (Doc. 22)

**Step 2:** If amendment permitted, reconsider the subpoena motion under the federal question standard (Doc. 20)

**Step 3:** If subpoena granted, allow production of evidence by January 2, 2026

**Step 4:** With complete record, rule on remand motion under the correct jurisdictional standard

Attempting to rule on remand now—while Plaintiffs maintain contradictory positions on the threshold question of removability—would be premature and likely erroneous.

## VI. CONCLUSION

Plaintiffs' November 20, 2025 "clarification" creates more confusion than clarity. By asserting the case "was removable in June 2021" despite the forum defendant rule, Plaintiffs have painted themselves into a logical corner.

The only way to reconcile Plaintiffs' positions is to recognize that:

1. The case was not removable on diversity jurisdiction in 2021 because the forum defendant rule applied
2. The case became removable on federal question jurisdiction in 2025 when Defendants ascertained the basis for federal jurisdiction
3. Federal question jurisdiction is not subject to the forum defendant rule under § 1441(b)(1)
4. Therefore, removal in 2025 is timely and the forum defendant rule does not bar it

This is precisely what Defendants argue. Plaintiffs' November 20 filing inadvertently supports Defendants' position.

The Court should deny Plaintiffs' Motion for Remand, grant Defendants' Motion to Stay, and allow the jurisdictional issues to be properly developed before ruling on remand.

---

WHEREFORE, Defendants respectfully request that this Honorable Court:

**A. CONSIDER** this Supplemental Brief in evaluating Plaintiffs' Motion for Remand and Defendants' Motion to Stay;

11

**B. RECOGNIZE** that Plaintiffs' contradictory positions on removability undermine their remand motion;

**C. GRANT** Defendants' Motion to Stay (Doc. 19) to allow proper development of the jurisdictional issues;

**D. GRANT** Defendants' Motion to Amend/Correct Notice of Removal (Doc. 22);

**E. GRANT** Defendants' Motion for Reconsideration of the subpoena denial (Doc. 20); and

**F. GRANT** such other and further relief as the Court deems just and proper.

---

Dated: November 21, 2025

Respectfully Submitted,

*/s/ Catherine Brown*

/s/ Catherine Brown

Catherine Brown, Individually and on Behalf of

White Mountain Organic Growers' Assn, LLC

114 Lake Umbagog

P.O. Box 253

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served on Plaintiffs' counsel via First Class United States Postal Mail to:

Carolyn K. Cole, Esq.

ColeMyers, PLLC

18 Bank Street

Lebanon, NH 03766

November 21, 2025

/s/ Catherine Brown

Catherine Brown