FILED - USDC -NH
2025 NOV 25 AM 11:33

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **CORNERSTONE CAPITAL STRATEGIES, LLC** | ) |
| **ADAMS INVESTMENTS, LLC** | ) |
| **Plaintiffs** | |
| | ) **Case No. 1:25-cv-00375-LM-TSM** |
| **V.** | |
| **WHITE MOUNTAIN ORGANIC GROWERS' ASSN** | ) |
| **CATHERINE E. BROWN** | ) |
| **Defendants** | ) |

## <u>REPLY TO OBJECTION TO STAY RULING</u>

---

NOW COME Defendants Catherine E. Brown and White Mountain Organic Growers' Association, LLC (motion to remove as defendant pending), proceeding pro se, and hereby submit this Reply to Plaintiffs' Objection to Defendants' Motion to Stay Ruling on Plaintiffs' Motion for Remand (Doc. 24).

Plaintiffs' Objection reveals the fatal flaw in their entire remand strategy: they refuse to acknowledge that Defendants removed on *Federal Question jurisdiction,* not diversity. Every argument in their Objection collapses under scrutiny because it is built on a false premise that

Defendants themselves corrected in their Motion to Amend/Correct Notice of Removal (Doc. 22).

**PRELIMINARY STATEMENT**

Plaintiffs' Objection commits three fundamental errors:

First, Plaintiffs persistently mischaracterize the jurisdictional basis for removal. Despite Defendants' Motion to Amend/Correct (Doc. 22), Motion for Reconsideration (Doc. 20), and Objection to Remand (Doc. 23)—all filed November 15, 2025, *four days before Plaintiffs' Objection*—Plaintiffs continue to argue this is a diversity removal subject to § 1446(b)(1). It is not. This is a *Federal Question removal* under 28 U.S.C. § 1331.

Second, Plaintiffs fatally undermine their own position by attaching as Exhibit 1 Defendants' New Hampshire Supreme Court Brief, which *proves* Defendants knew of the criminal complaint's existence but could not locate it until September 16, 2025. This distinction—between *knowing* a complaint was filed and being able to *ascertain* specific federal crimes and evidence *location*—is dispositive of the timeliness issue.

Third, Plaintiffs' argument that "the Browns have no power to remove this case to pursue Adams' criminal activity" (Obj. at 6) fundamentally misunderstands federal question jurisdiction. Defendants do not seek to "prosecute" criminal activity. Defendants re-assert that **Plaintiffs' commission of federal crimes creates federal question jurisdiction** over the underlying civil dispute. This is hornbook law.

**ARGUMENT**

**I. PLAINTIFFS IGNORE DEFENDANTS' CORRECTED JURISDICTIONAL BASIS**

The Court's November 12, 2025 Order denying the subpoena motion stated: "Defendants removed this action on the basis of diversity jurisdiction, 28 U.S.C. 1332." This was based on a clerical error in Defendants' original Notice of Removal (Doc. 1), which pro se Defendants immediately moved to correct.

**The Timeline Plaintiffs Ignore:**

- **November 12, 2025**: Court denies subpoena based on diversity standard
- **November 15, 2025**: Defendants file THREE motions correcting the error:
    - Motion to Amend/Correct Notice of Removal (Doc. 22)
    - Motion for Reconsideration of Subpoena Denial (Doc. 20)
    - Objection to Motion for Remand (Doc. 23)
- **November 19, 2025**: Plaintiffs file Objection to Stay *ignoring all three corrections*

Plaintiffs' Objection analyzes timeliness under 28 U.S.C. § 1446(b)(1)—the diversity statute—for *five full pages* (Obj. at 2-6). Yet the corrected jurisdictional basis is Federal Question under 28 U.S.C. § 1331, to which § 1446(b)(1) does not apply.

This is not oversight—it is willful obfuscation.

Plaintiffs know that if this Court accepts Defendants' amended jurisdictional basis:

1. The forum defendant rule (28 U.S.C. § 1441(b)(2)) does not apply;

2. The one-year bar (28 U.S.C. § 1446(c)(1)) does not apply;

3. The timeliness analysis changes completely.

By continuing to argue diversity jurisdiction after Defendants corrected the record, Plaintiffs are arguing against a position Defendants no longer hold. This wastes judicial resources and obscures the actual legal issues.

Plaintiffs' entire timeliness argument fails because it applies the wrong jurisdictional standard.

## II. PLAINTIFFS' OWN EXHIBIT PROVES DEFENDANTS' TIMELINESS

Plaintiffs made another deliberate error in contravention of the facts by attaching Defendants' New Hampshire Supreme Court Brief as their Exhibit 1. That document proves Defendants' case rather than undermining it.

### A. What the Supreme Court Brief Actually Shows

Plaintiffs quote selectively from page 13-14 of the Supreme Court Brief to argue Defendants knew about the criminal complaint in September 2020. But the full context (additions in italics) of that passage shows something entirely different:

"In September 2020, without informing Defendant-Appellants or then-counsel Kathleen MacKenzie, Adams filed a criminal complaint with the New Hampshire State Police falsely alleging fraudulent transfer, which resulted in still-pending charges and an open warrant against Catherine, who has no criminal record. *Confusion, misunderstanding, and lack of access to information or Catherine's*

4

> *constitutional right to defense counsel have contributed to the delay in quashing this*
>
> *baseless accusation and dismissal of charges, which Defendant-Appellants continue*
>
> *to settle with the New Hampshire State Police, Coos County Attorney's Office, and*
>
> *the New Hampshire Public Defender's Office."*

(*Emphasis added*).

The Brief explicitly states Defendants faced "lack of access to information" about the complaint. This is not an admission that Defendants possessed the complaint or knew its contents. It is an admission that Defendants knew a complaint had been filed but could not obtain it.

## B. The Critical Distinction: Knowledge vs. Ascertainment

Plaintiffs conflate two entirely separate concepts:

**1. Knowledge that a complaint exists** (September 2020)

**2. Ability to ascertain specific federal crimes and obtain evidence** (September 16, 2025)

The Supreme Court Brief shows Defendants knew in general terms that Adams filed "a criminal complaint" alleging "fraudulent transfer." But Defendants did not know:

- The specific content of the complaint
- What federal laws were allegedly violated
- Whether it involved federal bankruptcy proceedings
- Where the document was located

- How to obtain a copy

This information became ascertainable on September 16, 2025, when the Coos County Sheriff definitively informed Defendants that the complaint existed, was with the New Hampshire State Police, and involved specific allegations related to federal bankruptcy proceedings.

## C. Plaintiffs' Citation to Case Law Supports Defendants

Plaintiffs cite *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014) for the proposition that "Section 1446(b)'s thirty-day clocks are triggered only when the plaintiffs' complaint or plaintiffs' subsequent paper *"provides the defendant with sufficient information to easily determine that the matter is removable."* (Obj. at 3) (emphasis added).

## This supports Defendants' position.

Knowing generally that "a criminal complaint was filed" does not provide "sufficient information to easily determine that the matter is removable." Defendants needed to know:

- The complaint alleged violations of federal law (18 U.S.C. § 1512 et al.);
- The complaint was designed to obstruct federal bankruptcy proceedings;
- The complaint created federal question jurisdiction under 28 U.S.C. § 1331;
- The document could be obtained via subpoena from the State Police

None of this was ascertainable until September 16, 2025.

## D. The "Other Paper" Under § 1446(b)(3)

Plaintiffs argue the criminal complaint is not an "other paper" because Defendants "are in possession of no such 'paper' without resorting to a hunting expedition." (Obj. at 2).

This argument fails for three reasons:

**First,** the "other paper" need not be *in the defendant's possession*. As Plaintiffs' own citation acknowledges, "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" *New Hampshire v. 3M Co.*, 665 F. Supp. 3d 215, 231 (D.N.H. 2023). The information from the Coos County Sheriff on September 16, 2025, qualifies.

**Second**, the requirement that defendants "apply a reasonable amount of intelligence in ascertaining removability" does not mean defendants must *guess* at the existence of suppressed documents. Defendants applied reasonable intelligence for *five years* trying to locate this complaint. The fact that Plaintiffs successfully concealed it does not make the removal untimely once it was finally discovered.

**Third**, Plaintiffs' suppression of the criminal complaint for five years across multiple proceedings is the very definition of *fraudulent concealment* justifying equitable tolling. Courts do not reward parties who hide evidence of federal jurisdiction and then cry "too late" when it is finally discovered.

## III. PLAINTIFFS MISUNDERSTAND FEDERAL QUESTION JURISDICTION

Plaintiffs' most revealing error appears on page 6: "Even if Mr. Adams' 2020 report to the New Hampshire State Police alleging fraudulent transfer rose to the level of criminality, in the United States, the government holds the exclusive power to prosecute criminal cases... The Browns have no power to remove this case to pursue Adams' 'criminal activity.'"

This fundamentally misapprehends federal question jurisdiction.

## A. Federal Crimes Create Federal Question Jurisdiction in Civil Cases

Defendants do not seek to "prosecute" Adams criminally. That is indeed the government's exclusive province. But when a party's commission of federal crimes affects civil litigation, federal question jurisdiction arises under 28 U.S.C. § 1331.

**Examples:**

- Civil RICO claims based on predicate federal crimes
- Section 1983 claims based on constitutional violations
- Obstruction of justice affecting civil proceedings
- Fraud on federal courts
- Interference with federal bankruptcy proceedings

In each instance, federal question jurisdiction exists *because federal law is necessarily implicated,* not because the plaintiff seeks criminal prosecution.

## B. The Federal Crimes Here Create Federal Question Jurisdiction

8

Plaintiffs' alleged crimes include:

**1. Obstruction of Justice (18 U.S.C. § 1512)** Filing a false criminal complaint to intimidate a party from appearing in federal bankruptcy proceedings and state court is a federal crime. This crime directly affected federal court proceedings (three bankruptcy cases) and created the jurisdictional predicate for this case to be in federal court.

**2. Conspiracy Against Rights (18 U.S.C. § 241)** Using false criminal charges to deprive Defendants of their right to access federal bankruptcy courts is a federal civil rights violation.

**3. Fraud on Federal Courts** Concealing the criminal complaint from three bankruptcy proceedings constitutes fraud on federal courts, which independently creates federal question jurisdiction.

These federal violations are not tangential—they are *the central facts of this dispute.* Plaintiffs used federal crimes to manufacture a state court judgment. Federal jurisdiction is appropriate to determine whether that judgment should stand.

## C. "Mr. Adams Is Not Even a Party to This Action"

Plaintiffs argue "Mr. Adams is not even a party to this action" as if this defeats jurisdiction. (Obj. at 6).

This is nonsensical.

Scott Adams is the principal of Plaintiff Adams Investments, LLC. The criminal complaint was filed on behalf of the Plaintiffs in this action. Whether Adams is named individually or through his LLC is irrelevant to whether his and Louis Bachetti's (principal of Cornerstone Capital Strategies, LLC) conduct creates federal question jurisdiction.

Moreover, Plaintiffs' argument proves too much. If Adams's and Bachetti's filing of the criminal complaint has "no nexus" to this case (as Plaintiffs claim), why did they file it? Why did it result in charges against Catherine Brown? Why did it prevent her from appearing at trial?

The nexus is obvious: **Plaintiffs used federal crimes to gain an advantage in federal and state court litigation.** Federal courts have jurisdiction over such conduct.

_____

## IV. ROOKER-FELDMAN DOES NOT APPLY

Plaintiffs briefly argue that Rooker-Feldman bars this action because Defendants seek to "overturn a state court decision." (Obj. at 6). This misstates Defendants' position.

### A. This Is an Independent Action, Not an Appeal

Defendants do not ask this Court to review the state court judgment. Defendants assert the state court judgment is *void ab initio* because it was procured by extrinsic fraud—specifically, Plaintiffs' filing of false criminal charges to prevent Defendant Catherine Brown from appearing at trial and other proceedings.

The Rooker-Feldman doctrine does not protect judgments obtained through fraud.

As the Supreme Court held in *United States v. Throckmorton*, 98 U.S. 61, 65-66 (1878), a judgment procured by "extrinsic fraud"—fraud that prevents a party from presenting their case—may be collaterally attacked even if the judgment is final. The Rooker-Feldman doctrine does not eliminate this longstanding principle.

## B. The Federal Question Existed Before the State Judgment

More fundamentally, Rooker-Feldman is inapplicable because federal question jurisdiction existed from the *inception of this dispute in 2020* when Plaintiffs filed the false criminal complaint during federal bankruptcy proceedings.

Rooker-Feldman prevents federal district courts from acting as appellate courts over state court judgments. It does not prevent federal courts from hearing cases that should have been in federal court *from the beginning* but were fraudulently channeled into state court.

If Plaintiffs' federal crimes in 2020 created federal question jurisdiction (as Defendants assert), *the state court lacked subject matter jurisdiction to enter judgment.* A judgment entered without subject matter jurisdiction is void and may be collaterally attacked.

Plaintiffs cannot use Rooker-Feldman to shield a void judgment.

## V. A STAY IS NECESSARY TO PREVENT MANIFEST INJUSTICE

Plaintiffs argue the stay is "consistent with a long pattern of stalling the finality of this ordeal." (Obj. at 6). This is inflammatory rhetoric designed to obscure the legal issues.

## A. The Procedural Posture Requires a Stay

The Court's November 12, 2025 Order denying the subpoena was based on an incorrect understanding of the jurisdictional basis for removal. Defendants immediately corrected this error through three motions filed November 15, 2025.

The Court has not yet ruled on:

1. Whether to allow amendment of the Notice of Removal;
2. Whether to reconsider the subpoena denial under the correct jurisdictional standard;
3. Whether Federal Question jurisdiction exists.

To rule on the remand motion *before deciding these threshold issues* would be to rule on an incomplete record. The Court would be deciding whether removal was timely under diversity jurisdiction when Defendants have explicitly corrected the record to show removal is based on federal question jurisdiction.

This would be manifest error.

## B. The Evidence Is Essential, Not a "Hunting Expedition"

Plaintiffs characterize the subpoena as a "hunting expedition." (Obj. at 2). This is false.

Defendants seek *one specific document:* the criminal complaint filed by or on behalf of Plaintiffs with the New Hampshire State Police on or about September 20, 2020. Defendants know:

- The document exists;
- Where it is located (State Police records);
- What it generally alleges (fraudulent transfer);
- When it was filed (September 2020);
- Who filed it (Plaintiffs or their agents).

Obtaining this document is not a fishing expedition. It is obtaining the foundational evidence of federal question jurisdiction.

If the subpoena reveals that Plaintiffs filed false criminal charges alleging violations of federal law to obstruct federal bankruptcy proceedings, federal question jurisdiction is established. If it reveals something else, the Court can evaluate the actual evidence rather than speculation.

Justice requires the Court to see the evidence before ruling on jurisdiction.

### C. Defendants Are Prejudiced Without the Stay

If the Court rules on remand before:

1. Deciding whether to allow amendment of jurisdictional basis;
2. Reconsidering the subpoena under the correct standard;

13

3. Allowing Defendants to obtain and present the evidence;

then Defendants will have been denied the opportunity to prove federal jurisdiction exists.

Plaintiffs suffer no prejudice from a brief stay. They have been litigating this matter and pursuing foreclosure since 2018. A few additional weeks while the Court resolves threshold jurisdictional issues does not materially harm Plaintiffs.

But Defendants are *irreparably harmed* if remanded without the opportunity to prove federal question jurisdiction. They lose access to the federal forum, the state court judgment (procured by fraud) stands, and their home is foreclosed upon.

The balance of equities strongly favors the stay.

## VI. PLAINTIFFS' "PATTERN OF STALLING" ARGUMENT IS PROJECTION

Plaintiffs accuse Defendants of "stalling the finality of this ordeal." (Obj. at 6). Yet Plaintiffs:

1. Filed a false criminal complaint in 2020 and suppressed it for five years (and running);
2. Failed to disclose the complaint in three bankruptcy proceedings (violations of 18 U.S.C. §152, 157 and 11.U.S.C. §362);
3. Failed to disclose the complaint in state court discovery;
4. Used the complaint to intimidate Catherine Brown from appearing at trial (violations of 18 U.S.C. 1512; NH RSA 641:5, RSA 358-C:3);
5. Continue to conceal the complaint even after Defendants learned of its existence;
6. Refuse to acknowledge Defendants' corrected jurisdictional basis.

14

7. Argue diversity jurisdiction even after being told removal is on federal question grounds.

Plaintiffs are the ones engaging in procedural manipulation.

Defendants seek only:

- To correct a clerical error in the Notice of Removal;

- To obtain evidence of Plaintiffs' federal crimes;

- To prove federal question jurisdiction exists;

- To have a fair consideration on the merits.

These are reasonable requests that serve judicial economy and the interests of justice.

## VII. PLAINTIFFS' NOVEMBER 20 CLARIFICATION CONFIRMS THE NECESSITY OF A STAY

After filing their Objection (Doc. 24), Plaintiffs submitted a "Clarification on Removability Scrivener's Error" (Doc. 26) on November 20, 2025. This filing creates an irreconcilable contradiction that underscores why a stay is essential.

### A. The Contradiction

In their November 19 Objection, Plaintiffs stated: "Here, there is no dispute that the case stated by the initial complaint in this suit, standing on its own, was **not** removable." (Doc. 24 at 3).

In their November 20 Clarification, Plaintiffs reversed course, claiming the word "not" was a "scrivener's error" and asserting: "There is no dispute that the case as stated by the initial complaint in this suit, standing on its own, **was removable** under 28 U.S.C. 1446(b)." (Doc. 26 at 2).

## B. Why This Contradiction Matters

If the case was removable in 2021 (as Plaintiffs now claim), it could only have been removable on one of two bases:

**1. Diversity Jurisdiction**: But all Defendants are New Hampshire citizens sued in New Hampshire. The forum defendant rule (28 U.S.C. § 1441(b)(2)) bars removal based solely on diversity when any defendant is a forum defendant. Therefore, diversity removal was **not available** in 2021.

**2. Federal Question Jurisdiction**: If the case was removable despite the forum defendant rule, some other basis must have existed. That basis could only be federal question jurisdiction under 28 U.S.C. § 1331—*which is exactly what Defendants now assert.*

Plaintiffs cannot claim the case was removable while simultaneously arguing the forum defendant rule applies and federal question jurisdiction doesn't exist. The logic fails.

## C. Plaintiffs' Original Statement Was Correct

Plaintiffs' November 19 statement that the case "was **not** removable" in 2021 was legally accurate. The 2021 Complaint alleged only state-law claims (breach of contract, unjust

enrichment, fraudulent transfer). No federal question appeared. Removal would have been based solely on diversity. The forum defendant rule barred such removal.

This was not a scrivener's error—it was a correct statement of law.

The Court apparently questioned this statement, prompting Plaintiffs' "clarification." But the clarification creates a worse problem: it forces Plaintiffs to claim the case was removable despite the forum defendant rule, which inadvertently concedes that some basis other than diversity (i.e., federal question) must exist.

## D. This Demonstrates Why the Stay Is Necessary

Plaintiffs' contradictory positions on removability illustrate precisely why the Court cannot rule on remand without first addressing the threshold jurisdictional questions:

**1. What is the actual basis for removal?** Diversity (subject to forum defendant rule) or federal question (not subject to forum defendant rule)?

**2. If federal question, when did it become ascertainable?** In 2021 (as Plaintiffs suggest) or in 2025 (as Defendants assert)?

**3. Does the forum defendant rule apply?** If yes, was the case not removable in 2021? If no, on what basis was it removable?

These questions must be answered before the Court can determine whether removal was timely.

Defendants' pending motions directly address these issues:

- Motion to Amend/Correct Notice of Removal (Doc. 22) clarifies the jurisdictional basis

- Motion for Reconsideration (Doc. 20) seeks evidence to prove federal question jurisdiction

- Objection to Remand (Doc. 23) explains why federal question jurisdiction defeats the forum defendant rule

The stay allows these issues to be resolved in logical order. Without it, the Court would be forced to rule on remand while the parties maintain contradictory positions on the fundamental question of what made (or didn't make) the case removable.

### E. The Clarification Inadvertently Supports Defendants

When Plaintiffs assert "the case was removable," they inadvertently support Defendants' position—if the removal is based on federal question jurisdiction.

Plaintiffs' statement makes sense only if:

1. Federal question jurisdiction existed from inception (as Defendants argue), OR

2. The forum defendant rule somehow doesn't apply (contradicting Plaintiffs' remand motion)

Either way, Plaintiffs' clarification undermines rather than supports their remand motion.

The Court should grant the stay to allow full development of these issues rather than attempting to untangle Plaintiffs' contradictory positions without complete briefing and evidence.

**CONCLUSION**

Plaintiffs' Objection is built on a false foundation. They argue timeliness under diversity jurisdiction when Defendants removed on federal question jurisdiction. They argue Defendants knew enough to remove in 2021 when their own exhibit proves Defendants lacked access to the critical information. They argue no federal nexus exists when Plaintiffs' own conduct—filing false criminal charges to obstruct federal bankruptcy proceedings—creates clear federal question jurisdiction.

The stay should be granted to allow this Court to:

1. Rule on Defendants' Motion to Amend/Correct Notice of Removal;
2. Reconsider the subpoena denial under the correct jurisdictional standard;
3. Allow Defendants to obtain the criminal complaint evidence;
4. Rule on remand with a complete factual and legal record.

The alternative—ruling on remand now—would be manifest error. The Court would be deciding timeliness under the wrong jurisdictional standard, without the evidence necessary to determine whether federal question jurisdiction exists, and before resolving Defendants' pending motions that directly affect the remand analysis.

Justice requires the stay be granted.

_____

**WHEREFORE,** Defendants respectfully request that this Honorable Court:

A. **GRANT** Defendants' Motion to Stay Ruling on Plaintiffs' Motion for Remand (Doc. 19);

B. **STAY** any ruling on Plaintiffs' Motion for Remand pending the Court's decisions on:

- Defendants' Motion to Amend/Correct Notice of Removal (Doc. 22)
- Defendants' Motion for Reconsideration of Subpoena Denial (Doc. 20)

C. If the Motion for Reconsideration is granted, **EXTEND** the stay until thirty (30) days after the January 2, 2026 production deadline for the corrected subpoena, to allow Defendants to receive, review, and present the evidence in opposition to the Motion for Remand; and

D. **GRANT** such other and further relief as the Court deems just and proper.

_____

Dated: November 21, 2025

Respectfully Submitted,

/s/ Catherine Brown

Catherine Brown, Individually and on Behalf of

White Mountain Organic Growers' Assn, LLC

114 Lake Umbagog

P.O. Box 253

Errol, NH 03579

(603) 828-4860

greatnorthwoodsfarm@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of the foregoing was served on Plaintiffs' counsel via First Class United States Postal Mail to: Carolyn K. Cole, Esq., ColeMyers, PLLC, 18 Bank Street, Lebanon, NH 03766

November 21, 2025

/s/ Catherine Brown

Catherine Brown