**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


CORNERSTONE CAPITAL STRATEGIES,
LLC ET AL.


                    v.                                    Civil No. 25-cv-375-LM-TSM


WHITE MOUNTAIN ORGANIC
GROWERS' ASSOCIATION, LLC ET AL.


**REPORT AND RECOMMENDATION ON DEFENDANTS'**
**MOTIONS TO QUASH AND/OR ISSUE A TEMPORARY RESTRAINING**
**ORDER AND ORDER ON DEFENDANTS' MOTIONS FOR SANCTIONS**

This matter is before the court on various motions (Doc. Nos. 36, 38, 40-41, and 44),

which Defendants filed after this court entered judgment and closed the case.   Therein,

Defendants seek various forms of relief, including sanctions against Plaintiffs and their

attorneys, a temporary restraining order ("TRO") precluding Plaintiffs from enforcing a

judgment that they obtained against Defendants in state court, and an order quashing state court

criminal proceedings against the individual Defendant.   After consideration of the parties'

written submissions and for the reasons described below, Defendants' motions for sanctions

(Doc. Nos. 36, 38, 40 and 41) are hereby denied.   Additionally, this court recommends that the

district judge deny Defendants' motions for a TRO and to quash (Doc. Nos. 41 and 44).


**BACKGROUND**

Plaintiffs Cornerstone Capital Strategies, LLC and Adams Investments, LLC filed a lawsuit against

White Mountain Organic Growers' Association, LLC ("White Mountain") and Catherine Brown

(collectively, "Defendants") in the New Hampshire Superior Court nearly five years ago.  Doc.

No. 30 at pg. 1.  The superior court rendered a judgment in favor of Plaintiffs, and in August 2025, the New Hampshire Supreme Court summarily affirmed the lower court's judgment.  Id.  Four days after the NH Supreme Court denied Defendants' motions for reconsideration and to remand the matter to superior court for a new trial, Defendants removed the action to this court.  Id.  Plaintiffs subsequently moved to remand the matter to the state court, and on November 25, 2025, the district judge granted Plaintiffs' motion for remand.   The district judge concluded that "Defendants' removal, instituted more than four years after they received plaintiffs' complaint, [was] untimely," and therefore, the "case must be remanded." Id. at pg. 6.  Accordingly, the district judge remanded the matter back "to the New Hampshire Supreme Court" and directed the Clerk of Court "to enter judgment and close the case." Id. at pg. 14.

On December 9, 2025, Defendants moved for reconsideration of the district judge's remand order, Doc. No. 31, which was denied on January 2, 2026.  Endors. Ord. Jan. 2, 2026.  Defendants also filed an Emergency Petition for Writ of Mandamus in the First Circuit Court of Appeals, which the First Circuit denied on January 6, 2026.  Doc. No. 34.

On January 20, 2026, the federal Clerk of Court entered judgment and closed the case in this court.  Doc. No. 35.  The Clerk of Court did not, however, send a certified copy of the remand order to the state court.[1]  Nevertheless, on March 19, 2026, Plaintiffs notified the state court that the action was remanded when Plaintiffs filed in the state superior court a "Notice that Case Has Been Remanded from Federal Court to State Court, and Request For Issuances of Writ of Execution."  Doc. No. 39-2.

---

[1] Generally, a certified copy of the remand order is sent to the clerk of the state court thirty (30) days after the remand order is issued.  See LR 83.1(d) ("Unless otherwise ordered by the court, the clerk's office shall delay the transmittal of a certified remand order to state court for thirty (30) days. . . .  The parties may file an assented to motion if they agree to the immediate transmittal of the certified remand order to state court.").  In this case, this step "slipped through the cracks."

***Post-Remand Proceedings***

Shortly after this court entered judgment and closed this case, Plaintiffs resumed their efforts to enforce their judgment against Defendants in the state court.  See generally, Doc. No. 36; see also Doc. No. 41 at pgs. 3-4.  To that end, in early March 2026, Plaintiffs' counsel, Attorney Carolyn Cole, filed a request for certified copies of the state superior court's May 22, 2024 Order, in which the state court awarded damages to Plaintiffs, and a Certificate of Judgment.  Doc. No. 36 at pg. 5.  Attorney Cole then recorded a post-judgment lien in the Coos County Registry of Deeds.  Doc. No. 36 at pg. 23.

Around the same time, on March 10, 2026, Attorney Mark D. Kanakis, filed an appearance in the state court case on behalf of Plaintiffs.  Id. at pgs. 27-28.  Shortly thereafter, Attorney Kanakis filed a request for a Writ of Execution.  Id. at pg. 34.

***Defendants' Motions***

On March 17, 2026, nearly two months after this court entered judgment and closed this case, Defendants filed a motion for sanctions pursuant to 28 U.S.C. § 1927.[2]  Doc. No. 36.  Since then, Defendants also filed: 1- Defendants' Notice of Re-Filing of Motion for Sanctions (Doc. No. 38); 2- Defendants' Second Emergency Supplement to Motion for Sanctions (Doc. No. 40); 3- Defendants' Emergency Motion for Temporary Restraining Order ("TRO") and for Additional Sanctions (Doc. No. 41); and 4- Defendants' Emergency Motion to Quash State Criminal Prosecution; Impose Contempt Sanctions; and Refer Plaintiffs' Conduct to the United States

---

[2] 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Attorney Cole and Attorney Kanakis's post-remand conduct in the Superior Court, and their continued efforts to execute the judgment Plaintiffs obtained against Defendants form the basis of Defendants' request for sanctions.  See generally, Doc. No. 36.

Attorney (Doc. No. 44).  For the reasons that follow, Defendants' motions for sanctions (Doc. Nos. 36, 38, 40 and 41) are denied.  Further, the court recommends that the district judge deny Defendants' motion for a TRO and to quash (Doc. Nos. 41 and 44).

## DISCUSSION

28 U.S.C. § 1447(c) provides in pertinent part, "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."  Defendants contend that because "[n]o certificate of remand has been returned to the superior court," this "[c]ourt retains exclusive jurisdiction over this matter and all parties." Doc. No. 36 at pg. 3.  Defendants further argue that because jurisdiction never revested in the state court, Plaintiffs' post-judgment enforcement activities should be voided.  Id. at 9.  Plaintiffs object. Doc. Nos. 37, 42 and 45.

There is no dispute that the clerk of this court did not mail a certified copy of the remand order to the state court.  Despite this error, it is beyond dispute that the district judge expressed her unmistakable intent to divest this court of jurisdiction and return jurisdiction to the state court, when she: (1) granted the motion to remand, (2) denied the motion for reconsideration and the motion to stay, and (3) ordered the clerk to enter judgment and close this case.  Accordingly, the case in this court is closed, and this court lacks jurisdiction to consider Defendants' motions. Therefore, Defendants' motions must be denied.

The court rejects Defendants' contention that the jurisdictional transfer did not occur in this case.  Although the state court did not receive a certified copy of the remand order, the state court received notice of the remand.  On March 19, 2026, Plaintiffs filed a "Notice that Case Has Been Remanded from Federal Court to State Court, and Request For Issuances of Writ of Execution" (the Notice).  Doc. No. 39-2.  Therein, Plaintiffs informed the state court that: (1) "the U.S. District

4

Court remanded the case to the Supreme Court and entered judgment to close the case," and (2) "the First Circuit Court of Appeals denied the Petition and request for stay of remand." Id. at pg. 4. Thus, under these circumstances, Plaintiffs' Notice was sufficient to revest the jurisdiction in the state court.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motions for sanctions (Doc. Nos. 36, 38, 40 and 41) are denied. Further, to the extent Defendants request that the court quash ongoing state criminal proceedings against the individual Defendant and/or issue a TRO restraining Plaintiffs from enforcing the state court judgment in their favor, for the reasons described herein, the court recommends that the district judge deny Defendants' motions (Doc. Nos. 41 and 44).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

June 12, 2026

cc:     Counsel of Record
        White Mountain Organic Growers' Association, LLC
        Catherine E. Brown, pro se